# **<u>EXHIBIT A</u>**

# Commonwealth of Massachusetts

### THE TRIAL COURT
### SUPERIOR COURT DEPARTMENT

**SUFFOLK, ss**

OSCAR VEGA,

PLAINTIFF

v.

CASA NUEVA VIDA, INC., MANUEL
DURAN a/k/a MANUEL R. DURAN a/k/a
MANNY DURAN a/k/a MANUEL DURAN
OVIEDO, LISA MORALES, JAMES COTE,
ALBA ALVAREZ, and DEVORAH
PIMENTEL.

DEFENDANTS

DOCKET NO.: 2184CV02032

## SECOND AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1.  Plaintiff, Oscar Vega (*hereinafter*, "Mr. Vega" or "Plaintiff"), is an individual residing at 126 Day Street, Apt. #1, Jamaica Plain, Massachusetts 02130.

2.  Defendant, Casa Nueva Vida, Inc., (*hereinafter*, "CNV" or "Defendant"), is a Massachusetts nonprofit corporation incorporated under the laws of the Commonwealth of Massachusetts with an address of 53 Glenn Road, Jamaica Plain, Massachusetts 02130.

3.  Defendant, Manuel Duran a/k/a Manuel R. Duran a/k/a Manny Duran a/k/a Manuel Duran Oviedo (*hereinafter,* "Mr. Duran") is an individual residing at 274 Day Street, West Roxbury, Massachusetts 02132 and was the President of CNV.

4.  Defendant, Lisa Morales (*hereinafter*, "Ms. Morales"), is the President of CNV.

1

5.     Defendant, James Cote (*hereinafter*, "Mr. Cote"), is a Director of CNV and was the Treasurer of CNV.

6.     Defendant, Alba Alvarez (*hereinafter*, "Ms. Alvarez"), is the Treasurer of CNV.

7.     Defendant, Devorah Pimentel (*hereinafter*, "Ms. Pimentel"), is a CNV management employee who had management of the corporation under M.G.L. c. 149, § 148.

## JURISDICTION

8.     Jurisdiction lies in this Court under M.G.L. c. 212, §3.

9.     Venue is proper M.G.L. c. 223, § 1 because the acts or omissions that led to the allegations occurred in the County of Suffolk, Massachusetts.

10.    Plaintiff received a right to pursue private action letter from Massachusetts Attorney General's Office on August 27, 2021. Attached hereto as Exhibit A.

## FACTS

11.    At all times relevant before March 1, 2021, Mr. Duran was the President of CNV.

12.    After March 1, 2021, Ms. Morales was the President of CNV.

13.    At all times relevant before March 1, 2021, James Cote was the Treasurer of CNV.

14.    At all times relevant before March 1, 2021, Ms. Morales held herself out as the Treasurer of CNV.

15.    After March 1, 2021, Alba Alvarez was the Treasurer of CNV.

16.    Since approximately late 2018, Ms. Pimentel has overseen payroll for CNV.

17.    Ms. Pimentel represented to Plaintiff that she was a director of CNV and had control over financial decisions including payroll.

18.    Ms. Pimentel performed Mr. Duran's duties when he was on vacation or unavailable.

19.    On December 3, 2015, Mr. Vega began working for CNV.

20.    Shortly thereafter, Mr. Vega resigned.

21.    On September 1, 2017, Mr. Vega returned to work at CNV as a Maintenance Supervisor.

22.    Mr. Vega's starting rate of pay was $20.00 per hour.

23.    On January 2, 2018, Mr. Vega's pay rate increased to $25.00 per hour.

24.    On April 21, 2020, Mr. Vega's pay rate increased to $31.25 per hour.

25.    On March 31, 2021, Mr. Vega's pay rate increased to $35.00 per hour.

26.    On March 31, 2021, Mr. Vega was listed as an "Overtime Exempt" employee.

27.    Mr. Vega did not have hiring and/or firing authority at CNV.

28.    Mr. Vega spent less than ten percent of his time performing supervisory duties like scheduling or filling out payroll.

29.    Mr. Vega spent over ninety percent of his time performing the same tasks as Jose M. Martinez Hernandez a/k/a Jose Martinez a/k/a "Cuba" (*hereinafter*, "Mr. Martinez"), the only other CNV maintenance employee from 2018 through July 2021.

30.    Upon information and belief, Mr. Vega was only referred to as the Maintenance Supervisor because Mr. Martinez does not speak English. This is reflected by the fact that at all times relevant, Mr. Martinez received a higher hourly wage than Plaintiff.

31.    CNV is a 501(c)(3) organization with the stated purpose of providing temporary housing to homeless families with particular attention to the needs of Hispanic families.

32.    CNV owns and operates multiple multi-family residential buildings throughout Massachusetts.

33.    Mr. Duran, in his capacity as President of CNV, ordered Mr. Vega to perform work on properties.

34.  Mr. Duran affirmatively misled Mr. Vega to believe that CNV owned all properties
     which Mr. Vega worked on as a CNV employee.

35.  Mr. Duran ordered Mr. Vega to perform work as a CNV employee on properties which
     were not owned by CNV, including but not limited to:

     a.   2 & 4 Mark Street, Jamaica Plain, Massachusetts 02130

     b.   3 Mark Street, Jamaica Plain, Massachusetts 02130

     c.   7 Mark Street, Jamaica Plain, Massachusetts 02130

     d.   45 School Street, Roxbury, Massachusetts 02124

     e.   86, 88 Howland Street, Dorchester, Massachusetts 02121

     f.   126 Day Street, Jamaica Plain, Massachusetts 02130

     g.   Essex Street, Lawrence, Massachusetts 01841

36.  Throughout Mr. Vega's employment, Defendants affirmatively misled him as to his rights
     to receive overtime payment that had become due and payable.

37.  Throughout Mr. Vega's employment, Defendants failed to post and keep posted a notice
     explaining employee rights under the Fair Labor Standards Act (*hereinafter*, the "FLSA"),
     as prescribed by the U.S. Department of Labor's Wage and Hour Division, in conspicuous
     places throughout CNV's offices and/or properties where Mr. Vega was employed so as to
     permit Mr. Vega to observe readily a copy.

38.  Mr. Vega regularly worked over forty (40) hours per week.

39.  Mr. Duran instructed Mr. Vega to record on his timesheets that he worked exactly forty
     (40) hours per week instead of the correct hours.

40.   Up until the fall of 2020, Mr. Duran informed Mr. Vega that CNV was in the process of
      establishing an overtime fund contingent upon funding from the Commonwealth of
      Massachusetts.

41.   Mr. Duran knew that CNV had the funding to pay Mr. Vega for overtime hours. CNV
      was unable to pay Mr. Vega for overtime hours because Mr. Duran was fraudulently
      syphoning funds from CNV. Mr. Duran's multiple fraudulent schemes are documented in
      the Commonwealth of Massachusetts v. Duran, et al., Suffolk Superior Court, Docket No.
      2184-CV-02202.

42.   Upon information and belief, Mr. Duran affirmatively misled Mr. Vega to prevent him
      from seeking overtime and to conceal Mr. Duran's fraudulent activity.

43.   In the fall of 2020, Mr. Duran informed Mr. Vega that he would receive compensatory
      time for hours worked in excess of 40 per week.

44.   Mr. Duran further provided Mr. Vega with a CNV employee handbook containing a
      written overtime policy which indicated he would receive compensatory time for hours
      worked in excess of forty (40) per week.

45.   Mr. Vega did not receive remuneration in the form of compensatory time for overtime.

46.   Mr. Vega did not receive remuneration in the form of time and one-half for overtime.

47.   In or about February 2021, Mr. Duran admitted to Mr. Vega that Mr. Vega had been
      working on properties owned by Mr. Duran—and not by CNV.

48.   In or around February 2021, Mr. Duran admitted to Mr. Vega that Mr. Duran was being
      investigated by the Commonwealth of Massachusetts.

49.    After being informed of Mr. Duran's fraudulence and the Commonwealth's investigation, Mr. Vega first realized that he may also have been misled as to his rights to receive overtime.

50.    After this conversation, Mr. Vega complained to Mr. Duran about CNV's failure to pay overtime and/or compensatory time.

51.    Mr. Vega further complained to CNV employees about not receiving overtime and/or compensatory time.

52.    On or about March 1, 2021, Mr. Duran resigned from his position with CNV.

53.    After Ms. Morales became President of CNV, Mr. Vega complained to Ms. Morales about not receiving overtime pay and/or compensatory time.

54.    Mr. Vega worked closely with his subordinate Mr. Martinez.

55.    On or about May 4, 2021, Mr. Vega asked Ms. Morales to investigate why Mr. Martinez had lost nearly 150 hours of accrued vacation time.

56.    Mr. Vega became aware that Mr. Martinez's employment contract had been removed from his personnel file.

57.    In or around June 2021, Mr. Vega learned through counsel that it is unlawful under applicable state and federal laws for an employer to remunerate its employees in compensatory time for hours worked in excess of 40 per week.

58.    Thereafter, Mr. Vega complained to Ms. Morales and other CNV agents about CNV's written overtime policy.

59.    On or about June 4, 2021, Mr. Vega asked Ms. Morales to investigate why Mr. Martinez's contract had been removed from his personnel file.

60. Mr. Vega believed that a city inspector, known to the Plaintiff as "Barbosa", had fraudulently provided passing grades on multiple CNV buildings.

61. On or about June 16, 2021 and July 9, 2021, Mr. Vega asked Ms. Morales to investigate the fraudulent inspection and Barbosa.

62. Mr. Vega complained to Ms. Morales that he had worked on properties not owned or rented by CNV.

63. Mr. Vega requested that Ms. Morales investigate whether he had been ordered to work on properties not owned or rented by CNV.

64. After Mr. Vega made his complaints, Ms. Morales demoted him from Maintenance Supervisor.

65. On or about July 13, 2021, Ms. Morales terminated Mr. Vega's employment.

66. As reason for Mr. Vega's termination, Ms. Morales indicated that Mr. Vega continued to try to contact state officials with complaints.

67. As reason for Mr. Vega's termination, Ms. Morales indicated that Mr. Vega continued to complain about CNV's written overtime policy.

68. Upon information and belief, at the time of Mr. Vega's termination, Mr. Duran was under investigation by the Massachusetts Attorney General's Office and the Massachusetts Inspector General's office for alleged criminal conduct he committed in his position as President of CNV.

69. Upon information and belief, Ms. Morales knew of the state investigation at the time of Mr. Vega's termination.

70.    Upon information and belief, Ms. Morales terminated Mr. Vega's employment to discourage him or other employees from reporting CNV conduct to state officials and/or aiding the state's investigation of Mr. Duran.

71.    Upon information and belief, Ms. Morales terminated Mr. Vega's employment based on his complaints about CNV's policies and/or practices including its written overtime policy.

72.    Upon information and belief, Ms. Morales terminated Mr. Vega's employment based on asserting his rights to unpaid wages and/or overtime under applicable state and federal law.

## COUNT I
### Failure to Pay Wages in Violation of Massachusetts Wage Claim Act M.G.L. c. 149, § 148
### (All Defendants)

73.    Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

74.    At all times relevant before March 1, 2021, Mr. Duran was the President of CNV.

75.    After March 1, 2021, Ms. Morales was the President of CNV.

76.    At all times relevant before March 1, 2021, James Cote was the Treasurer of CNV.

77.    At all times relevant before March 1, 2021, Ms. Morales held herself out as the Treasurer of CNV.

78.    After March 1, 2021, Alba Alvarez was the Treasurer of CNV.

79.    Since approximately late 2018, Ms. Pimentel was an individual with management of the CNV pursuant to M.G.L. c. 149, § 148

80.    The president, treasurer, and any individual having management of a corporation is individually liable as the employer pursuant to M.G.L. c. 149, § 148.

81.    Defendants are required by Massachusetts General Laws to pay any wages or remunerations.

82.    Defendants are required to pay time and one-half for hours worked over 40 hours in one week pursuant to M.G.L. c. 151, § 1A.

83.    Plaintiff regularly worked in excess of 40 hours per week.

84.    The Defendants failed to pay Plaintiff for hours worked over 40 hours per week.

85.    As a result of the Defendant' failure to pay wages and/or overtime, the Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT II

**Failure to Pay Wages in Violation of Massachusetts Wage Claim Act M.G.L. c. 149, § 148,
Equitable Tolling
(Manuel Duran and CNV)**

86.    Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

87.    Defendant Manuel Duran, in his capacity as President of CNV, affirmatively misled Mr. Vega concerning his right to wages and/or overtime pay.

88.    Defendant Manuel Duran, in his capacity as President of CNV, affirmatively misled Mr. Vega concerning CNV's ability to pay overtime pay.

89.    Defendant Manuel Duran, in his capacity as President of CNV, affirmatively misled Mr. Vega to induce Mr. Vega into not pursuing overtime pay.

90.    Mr. Vega relied on Mr. Duran's representation.

91.    In or around March 2021, after being informed of Mr. Duran's fraudulence and the Commonwealth's investigation, Mr. Vega first realized that he may have been misled as to his rights to receive overtime.

92.   Pursuant to the doctrine of equitable tolling, Defendants are liable for unpaid overtime wages that accrued beyond the three-year statute of limitations for violations of the Massachusetts Wage and Overtime Laws.

93.   As a result of the Defendants' failure to pay wages and/or overtime, the Plaintiff has suffered damages in an amount to be determined at trial.

**COUNT III**
**Failure to Pay Wages in Violation of the Fair Labor Standards Act 29 U.S.C. § 207 and § 215(a)(2)**
**(All Defendants)**

94.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

95.   At all times relevant before March 1, 2021, Mr. Duran was the President of CNV.

96.   After March 1, 2021, Ms. Morales was the President of CNV.

97.   At all times relevant before March 1, 2021, James Cote was the Treasurer of CNV.

98.   At all times relevant before March 1, 2021, Ms. Morales held herself out as the Treasurer of CNV.

99.   After March 1, 2021, Alba Alvarez was the Treasurer of CNV.

100.  Since approximately late 2018, Ms. Pimentel was an individual with management of CNV and operational control over its finances pursuant to the FLSA, 29 U.S.C. § 203(d).

101.  Any corporate officer having operational control of a corporation's covered enterprise, including its president and treasurer, is an employer under the FLSA, 29 U.S.C. § 203(d), and thus jointly and severally liable for unpaid wages.

102.  Defendants are required by the FLSA to pay any wages or remunerations.

103.  Defendants are required to pay time and one-half for hours worked over 40 hours in one week pursuant to 29 U.S.C. § 207.

104.   Earned overtime must be paid in cash or its equivalent—not compensatory time—pursuant to 29 U.S.C. § 207(a) and 29 C.F.R. § 531.27.

105.   Throughout his employment, Plaintiff regularly worked in excess of 40 hours per week.

106.   Defendants failed to pay Plaintiff for hours worked over 40 hours per week.

107.   At all times relevant, Defendants misled Plaintiff as to his rights to overtime under the FLSA.

108.   As of March 31, 2021, Defendants misclassified Plaintiff as an "overtime exempt" employee.

109.   At all times relevant, Defendants maintained a written policy whereby CNV employees would receive compensatory time for any hours worked in excess of 40 per week.

110.   At all times relevant before March 1, 2021, Defendants failed to keep full and accurate records of hours Plaintiff worked and underreported Plaintiff's hours on his paystubs.

111.   At all times relevant, Defendants failed to post and keep posted a notice explaining the FLSA, as prescribed by the U.S. Department of Labor's Wage and Hour Division, in conspicuous places in every establishment where Plaintiff was employed so as to permit Plaintiff to observe readily a copy.

112.   Defendants' violations of the FLSA were repeated, willful, and intentional.

113.   Pursuant to the doctrine of equitable tolling, Defendants are liable for unpaid overtime wages that accrued beyond the three-year statute of limitations for willful violations of the FLSA.

114.   As a result of the Defendants' failure to pay wages and/or overtime, the Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT IV
### Breach of Contract
### (CNV)

115.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this

Complaint as if fully set forth herein.

116.   The Plaintiff had a contract with CNV for employment.

117.   CNV breached the contract by failing to pay for all hours Plaintiff worked.

118.   CNV owes Plaintiff an amount to be determined at a later date, plus statutory interest at

twelve (12%) percent per annum, plus costs in connection with this lawsuit.

## COUNT V
### Breach of Duty of Good Faith and Fair Dealing
### (CNV)

119.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this

Complaint as if fully set forth herein.

120.   CNV had a duty imposed upon it to act in good faith and deal fairly with Plaintiff.

121.   By the acts enumerated herein, including the failure to pay Plaintiff for all hours worked,

CNV breached its duty of good faith and fair dealing to Plaintiff.

122.   As a result of the CNV's breach of its duty of good faith and fair dealing to Plaintiff,

Plaintiff has suffered and continues to suffer damages.

## COUNT VI
### Unjust Enrichment
### (CNV)

123.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this

Complaint as if fully set forth herein.

124.   By the acts enumerated herein, Plaintiff conferred a benefit upon the CNV.

125.   CNV appreciated and knew of the benefit Plaintiff conferred upon it.

126.   Plaintiff expected to be paid for the labor he provided CNV.

127.   CNV accepted and retained the benefits Plaintiff conferred upon it, and it is inequitable for CNV to retain those benefits without payment to Plaintiff of the value of his services resulting in that benefit.

128.   As a result of the CNV's unjust enrichment, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

**COUNT VII**
**Retaliation in Violation of Massachusetts Wage Act, M.G.L. c. 149, § 148A**
**(CNV and Lisa Morales)**

129.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

130.   On multiple occasions in 2021, Plaintiff complained about CNV's failure to pay overtime.

131.   In 2021, Plaintiff complained about the loss of 150 hours of vacation time accrued by Mr. Martinez.

132.   Vacation time are remunerations under M.G.L. c. 149, § 148.

133.   On multiple occasions in the fall of 2021, Plaintiff refused to sign and/or complained of CNV's written overtime policy.

134.   Thereafter, Ms. Morales demoted Plaintiff.

135.   On July 13, 2021, Ms. Morales terminated Plaintiff's employment.

136.   Upon information and belief, Plaintiff was disciplined and/or terminated in retaliation for opposing those CNV policies and/or practices which are in violation of M.G.L. c. 149, § 148 and M.G.L. c. 151, § 1A.

137. Upon information and belief, the Plaintiff was demoted and terminated in retaliation for seeking his rights to payment of wages under M.G.L. c. 149, § 148 and M.G.L. c. 151, § 1A.

138. Upon information and belief, the Plaintiff was demoted and terminated in retaliation for asserting the rights of Mr. Martinez to payment of vacation time under M.G.L. c. 149, § 148

139. As a result of the Defendants' retaliation, the Plaintiff has suffered damages in an amount to be determined at trial.


## COUNT VIII
**Retaliation in Violation of the Fair Labor Standards Act 29 U.S.C. § 215(a)(3)**
**(CNV and Lisa Morales)**

140. Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

141. On multiple occasions in 2021, Plaintiff complained about CNV's failure to pay overtime.

142. On multiple occasions in the fall of 2021, Plaintiff refused to sign and/or complained of CNV's written overtime policy.

143. Thereafter, Ms. Morales demoted Plaintiff.

144. On July 13, 2021, Ms. Morales terminated Plaintiff's employment.

145. Upon information and belief, Plaintiff was disciplined and/or terminated in retaliation for opposing those CNV policies and/or practices which are in violation of the FLSA.

146. Upon information and belief, Plaintiff was disciplined and/or terminated in retaliation for seeking his rights to payments of wages under the FLSA.

147.   As a result of Defendants' retaliatory conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT IX
### Fraudulent Misrepresentation
### (Manuel Duran)

148.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

149.   Mr. Duran instructed the Plaintiff to work as a CNV employee on properties that were not owned by CNV.

150.   Mr. Duran had ownership interest in the properties.

151.   Mr. Duran knew that the properties were not owned by CNV.

152.   The fraudulent representation was made to induce the Plaintiff to work on properties not owned by CNV without complaining about the work and working conditions.

153.   The Plaintiff acted on the fraudulent representation as true.

154.   As a result of acting upon the fraudulent representation, the Plaintiff did not complain about the failure to pay overtime.

155.   As a result of acting upon the fraudulent representation, the Plaintiff has suffered harm in a to be determined amount.

## COUNT X
### Wrongful Termination in Violation of Public Policy
### (CNV)

156.   Plaintiff incorporates by reference the facts alleged in all preceding Paragraphs of this Complaint as if fully set forth herein.

157.   Plaintiff in good faith complained about the violation of public safety regulations in CNV properties.

158.   Plaintiff in good faith complained about working on properties that were not owned by CNV.

159.   Upon information and belief, CNV agents were aware that the Massachusetts Attorney General's Office and Massachusetts Inspector General's Office had opened a criminal investigation of Mr. Duran which included investigating work done by CNV employees on properties owned by Mr. Duran.

160.   Ms. Morales demoted Plaintiff.

161.   On July 13, 2021, Ms. Morales terminated Plaintiff's employment.

162.   Upon information and belief, the Plaintiff was demoted and terminated for his complaints concerning violation of public safety regulations.

163.   Upon information and belief, the Plaintiff was demoted and terminated for his complaints concerning working on properties that were not owned by CNV.

164.   As a result of the CNV's wrongful termination, the Plaintiff has suffered damages in an amount to be determined at trial.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

WHEREFORE, Plaintiff prays for the following:

1. An award of damages in an amount to be determined at trial together with interest;

2. An award of multiple damages equal to three times the damages under M.G.L. c 149, § 148 and M.G.L. c. 151, § 1A to be determined at trial;

3. An award of multiple damages equal to two times the damages under 29 U.S.C. § 216(b) to be determined at trial;

4. An award of back and future wages to be determined at trial;

5. An award of emotional distress to be determined at trial;

6. An award of compensatory or punitive damages to be determined at trial;

7. An award of attorney's fees, interest and costs; and

8. For such other relief as this Honorable Court deems just and equitable.


Dated: June 15, 2022

Respectfully submitted,
By the Plaintiff,
Through his Attorney

John Koury, Esq. (BBO# 694088)
Upper Charles Law Group, LLC
81 Hartwell Ave., #101
Lexington, MA 02421
(617) 600.7150 | P
(781) 444.2461 | F
jkoury@uclawgroup.com

## CERTIFICATE OF SERVICE

I, John Koury, Attorney for the Plaintiff, Oscar Vega, do hereby certify that on this Wednesday, June 15, 2022, I served a copy of the foregoing pleading upon all parties of record to this action by email and first-class mail, postage prepaid to counsel as follows:

Michelle Peirce, Esq.
Brian Mulcahy, Esq.
John Wilusz, Esq.
Hinckley Allen
28 State Street
Boston, MA 02109-1775

Thomas Dwyer, Jr., Esq.
Christopher Hines, Esq.
Dwyer LLC
10 Derne Street
Boston, Massachusetts 02114

June 15, 2022

John Koury